JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
The singular assignment of error is that the court erred by imposing a sentence that was contrary to law. The supporting thesis is that where a trial court imposes a sentence of imprisonment for a felony that is contrary to the law of the case, the defendant may appeal that sentence as a matter of right pursuant to R.C. 2953.08(A)(4).
A statement of the procedural posture of the case is essential to comprehension of the issue involved. On January 22, 1998, Kershaw was found guilty by a jury of the voluntary manslaughter of Leona Anderson. She was sentenced to a term of ten years, to be served consecutively to a three-year term for the firearm specification in the indictment. Kershaw appealed, and although the finding of guilt was affirmed, the majority of this court ordered that the case be remanded for resentencing because the manslaughter committed by Kershaw was not the worst form of the offense. See State v. Kershaw (Feb. 5, 1999), Hamilton App. No. C-980164, unreported.
On March 23, 1999, the trial court heard the matter pursuant to our order. Kershaw was before the court and was represented by her counsel. His opening remark was, "Your Honor, the only thing I would say is in accordance with the Court of Appeals decision they feel Ms. Kershaw did not commit the worst form of voluntary manslaughter, it was not the most extreme case, and we therefore ask that you sentence Miss Kershaw accordingly."
The court, ultimately, responded to this submission by stating, despite its disagreement with our conclusion that Kershaw's crime was not the worst form of that offense,
But the Court of Appeals makes that decision, and I have to obey the Court of Appeals, so I am modifying the sentence and resentencing the defendant to a term of nine years plus three years gun specification. Both are mandatory sentences. They will be served consecutive to each other [with credit for time served].
R.C. 2953.08, in pertinent part, provides:
 (A) In addition to any other right to appeal and except as provided in division (D) of this section, a defendant who is convicted of or pleads guilty to a felony may appeal as a matter of right the sentence imposed upon the defendant on one of the following grounds:
* * *
(4) The sentence is contrary to law.
Given the language in which Kershaw's assignment of error is cast, viz., that her sentence is contrary to law, we conclude that she is before this court as a matter of right. We do not, however, agree that the sentence is contrary to law.
The judgment entered upon the verdict specifies that Kershaw was found guilty of voluntary manslaughter pursuant to R.C.2903.03. Division (B) of that statute makes voluntary manslaughter a felony of the first degree. R.C. 2929.14(A)(1) provides that the maximum prison term for a felony of the first degree is ten years.
Upon the record before us, it is indisputable that Kershaw's sentence was not contrary to law. R.C. 2929.14(A) provides for the nine-year term of imprisonment imposed upon Kershaw. That sentence neither contravenes R.C. 2929.14(C) nor constitutes a violation of this court's February 5, 1999, order of remand. The assignment of error, then, is without merit and is overruled.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
SUNDERMANN, P.J., WINKLER and SHANNON, JJ.
Judge Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.